UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALISHA STEVENSON,

Petitioner,

v.

F.C.I. WASECA; BUREAU OF PRISONS,

Respondent.

Civil No. 09-1755 (RHK/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2008, Petitioner was convicted in the United States District Court for the Northern District of Indiana for a federal drug law violation. She was given an enhanced sentence, because a firearm was involved in her offense. Based on that enhancement, Petitioner was sentenced to 41 months in federal prison. She is currently serving her sentence at the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Federal Correctional Institution in Waseca, Minnesota. (Petition, [Docket No. 1], p. 3.)

Petitioner is not presently challenging the validity of her conviction or sentence. Instead, she is claiming that the federal Bureau of Prisons, ("BOP"), has unlawfully extended the term of her imprisonment, by declaring her ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) – the statute that allows the BOP to reduce the sentences of prisoners who have been convicted of a "nonviolent offense," and have completed a BOP drug rehabilitation program.

The BOP has adopted a set of regulations that govern the implementation of the sentence reduction program. Based on those regulations, the BOP has determined that Petitioner is not eligible for a reduced sentence under Section 3621(e)(2)(B), because of the firearm enhancement to her sentence.

Petitioner contends that the regulation at issue was not properly adopted, and it is therefore invalid. According to Petitioner, the BOP has "violated [the] Administrative Procedure Act (APA) by categorically excluding from early release for successful completion of [the] residential drug abuse program prisoners convicted of offenses involving possession, carrying, or use of firearms." (Id., p. 4, § 14.a.) Petitioner is seeking a judgment in this case that would "direct the BOP to grant [Petitioner] the sentence reduction upon completion of the residential drug abuse program." (Id., p. 5, § 15.)

## II.  DISCUSSION

18 U.S.C. § 3621(e)(2)(B) states that –

"The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

2

Three important elements of this statute are readily apparent.  First, only inmates who have been "convicted of a nonviolent offense" are potentially eligible for a reduced sentence upon successful completion of an approved drug treatment program.  Second, a prisoner's sentence can never be reduced by more than one year.  And third, the BOP is given the discretion to decide which statutorily eligible prisoners should actually be granted a sentence reduction.  The statute's "may be reduced" language means that even if a prisoner has been convicted of a nonviolent offense, and she has successfully completed a drug treatment program, the BOP still does not necessarily have to reduce her sentence.  As explained by the Supreme Court, "[w]hen an eligible prisoner successfully completes drug treatment, the [BOP]... has the authority, but not the duty,... to reduce his term of imprisonment."  Lopez v. Davis, 531 U.S. 230, 241 (2001).

The BOP has used its discretionary authority under Section 3621(e)(2)(B) to designate certain categories of inmates who will never be granted sentence reductions, even if they have been convicted of a nonviolent offense, and even if they successfully complete a drug treatment program.  The BOP's policy of categorically barring certain inmates from obtaining reduced sentences under Section 3621(e)(2)(B) has been approved by the United States Supreme Court.  Id. at 243-44.

When the BOP considered Petitioner's eligibility for a reduced sentence, the categories of ineligible prisoners were described at 28 C.F.R. § 550.58(a)(1).[2]  The

---

[2] The applicable regulations were recently amended (slightly) and renumbered, and they can now be found at 28 C.F.R. § 550.55.  Petitioner's eligibility for a sentence reduction apparently was determined under the older version of the regulations referred to in the text.  The issues presented in this case do not appear to be affected in any way by the recent amendments and renumbering.

introductory clause of 28 C.F.R. § 550.58(a)(1) states that "[a]s an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release...."

One group of prisoners that is categorically excluded from earning a reduced sentence under Section 3621(e)(2)(B) is defined as follows:

> "Inmates whose current offense is a felony:... (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon...."

28 C.F.R. § 550.58(a)(1)(vi)(B).

The BOP apparently has determined that Petitioner falls within the category described at § 550.58(a)(1)(vi)(B), because of the firearm enhancement that affected her current sentence. As a result, even though Petitioner may be <u>statutorily</u> eligible for a reduced sentence, the BOP has declared her to be categorically ineligible for a reduced sentence, pursuant to 28 C.F.R. § 550.58(a)(1)(vi)(B). Thus, even if Petitioner were to successfully complete a BOP drug rehabilitation program, she still would not be granted any sentence reduction pursuant to § 3621(e)(2)(B), because of her firearm-enhanced sentence.

Petitioner now claims that the BOP cannot declare her ineligible for a Section 3621(e)(2)(B) sentence reduction, based solely on the firearm enhancement that affected her sentence. She contends that the regulation that has caused her to be ineligible for a reduced sentence – namely 28 C.F.R. § 550.58(a)(1)(vi)(B) – is unenforceable, because it was not adopted and enacted in accordance with the requirements of the Administrative Procedures Act, ("APA").

Petitioner's APA argument was accepted and endorsed in the Ninth Circuit Court of Appeals in Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008). Just a few months ago, however, the Eighth Circuit Court of Appeals rejected the same argument in Gatewood v. Outlaw, 560 F.3d 843 (8th Cir. 2009), pet. for cert. filed, June 23, 2009.

In Arrington, the Ninth Circuit held that the rules set forth in 28 C.F.R. § 550.58(a) are invalid under the APA, "because the BOP 'failed to set forth a rationale for its decision to categorically exclude prisoners convicted of [firearm possession] offenses.'" Gatewood, 560 F.3d at 846, quoting Arrington, 516 F.3d at 1114. However, our own Court of Appeals found this reasoning to be "unpersuasive," and squarely rejected it. Gatewood, 560 F.3d at 846. After carefully analyzing the rulemaking process that produced 28 C.F.R. § 550.58(a), the Eighth Circuit found the regulation to be properly adopted, valid, and enforceable. Id. at 846-48.

Needless to say, our District Court is duty-bound to follow and apply the decisions of the Eighth Circuit Court of Appeals. Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003), cert. denied, 540 U.S. 1163 (2004). The Eighth Circuit's decision in Gatewood unequivocally rejects the arguments advanced by Petitioner here. Therefore, this Court must also reject Petitioner's current arguments, and recommend that her habeas corpus petition be summarily denied.[3]

---

[3] Some of the documents attached to Petitioner's habeas corpus petition, (i.e., her "administrative remedy" materials), suggest that Petitioner might believe she is being deprived of her constitutional right to equal protection, because the BOP is applying Arrington to prisoners who are incarcerated in the Ninth Circuit, while applying Gatewood to prisoners incarcerated in the Eighth Circuit. Such arguments have been consistently rejected by the federal courts.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be **SUMMARILY DISMISSED WITH PREJUDICE**.


Dated: July 16, 2009

                         *s/ Janie S. Mayeron*
                         JANIE S. MAYERON
                         United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 3, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

     As District Court Judge Paul A. Magnuson recently explained:

     "The federal judicial system is divided into several circuit courts of appeals, each of which have the authority to issue interpretations of federal law that are binding in their respective geographical areas – subject, of course, to the Supreme Court's final interpretative authority. On certain issues, such as is the case here, the courts of appeals' interpretation of a specific point of law may vary. Although Petitioner would certainly prefer the result had he been able to properly bring his case in the Ninth Circuit, the fact that the Court of Appeals for the Eighth Circuit reaches a different result does not raise any constitutional concerns."

Sweesy v. Federal Bureau of Prisons, Civil No. 08-985 (PAM/RLE), (D.Minn. 2009), 2009 WL 1244094 at *2. Other federal courts have reached the same conclusion. See e.g., Gonzales v. Tombone, No. 97-10484 (5th Cir. 1997), 1997 WL 803000 at *2, n.1 (unpublished opinion); Parsons v. Pitzer, 960 F.Supp. 191, 193-94 (W.D.Wis. 1997), aff'd, 149 F.3d 734 (7th Cir. 1998); Taylor v. Bureau of Prisons, No. 96-3520-RDR (D.Kan. 1998), 1998 WL 159918 at *4-5, aff'd, 172 F.3d 879 (5th Cir. 1999) (table).